515 So.2d 654 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Mickey Dale PERRY, Defendant-Appellant.
No. CR87-420.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Rehearing Denied December 9, 1987.
J. Lyle Debellevue, Crowley, for defendant-appellant.
Andrew Vidrine, Glenn Foreman, Asst. Dist. Atty., Crowley, for plaintiff-appellee.
Before KNOLL and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
KNOLL, Judge.
Defendant, Mickey Dale Perry, was charged by bill of information with driving while intoxicated, fourth offense, a violation of LSA-R.S. 14:98(E). Defendant filed a motion to quash the bill of information contending his second DWI conviction could not be used because no factual basis was entered into the record when he pleaded guilty to the second offense. After denial of his motion to quash by the trial court, defendant entered a plea of guilty to driving while intoxicated, fourth offense, on the condition he be allowed to appeal that issue. See State v. Crosby, 338 So.2d 584 (La.1976). The trial court then sentenced defendant to serve ten years at hard labor, the statutory minimum. We affirm, finding that the omission of a factual basis in accepting a guilty plea is not a constitutionally secured right and does not require a reversal when the plea is otherwise made knowingly and intelligently.

MOTION TO QUASH
Defendant contends the trial court erred in denying his motion to quash the use of *655 his conviction for driving while intoxicated, second offense, as a prior conviction in the current charge of driving while intoxicated, fourth offense. Although defendant pleaded guilty to DWI, second offense, during the plea colloquy, no factual basis for the crime was recited.
LSA-C.Cr.P. Art. 556 requires that for a guilty plea to be valid the plea must be made voluntarily and with an understanding of the nature of the charge. In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that a guilty plea cannot be considered voluntary unless the accused has been apprised that by pleading guilty he waives his privilege against self-incrimination, the right to trial by jury, the right to confront his accusers, and that such a waiver be affirmatively shown in the record.
In defendant's second conviction for DWI, the record reflects that he was advised of the charge against him and of the constitutional rights he waived by entering a guilty plea. He was informed of the possible sentence for DWI, second, and thoroughly advised of the sentence he could receive for subsequent convictions for DWI third and fourth. In addition defendant signed a "Plea of Guilty and Waiver of Rights" form which stated he was informed and understood the charge of DWI, second, to which he was pleading guilty. The form further stated that "the only reason I am pleading guilty is that I am, in fact, guilty as charged." These statements and waivers defendant does not attack.
We find Banks v. McGougan, 717 F.2d 186 (5th Cir.1983), dispositive of defendant's contention that the absence of a factual basis was fatal to his guilty plea in his DWI, second, conviction. In Banks, which involved a guilty plea in a Louisiana State Court, Judge Rubin stated: "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless, as we held in Willett [v. Georgia, 608 F.2d 538, 540 (5th Cir.1979)], the state judge is put on notice that there may be some need for such an inquiry (as, for example, when the accused asserts his innocence)." (Footnote omitted.) Louisiana law, unlike Fed.Rule Cr.Proc. 11(f), has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.
We find the record of defendant's plea to DWI, second, sufficient without the recitation of a factual basis. While the record would have been more complete with a factual basis, there is enough evidence to establish that defendant knowingly and intelligently entered his plea. The absence of a factual basis when entering a guilty plea does not render the plea constitutionally infirm if the plea is determined to be made knowingly and intelligently. When the record fails to establish some need for a factual basis and the plea is otherwise made knowingly and intelligently, the plea will not be set aside for want of a factual basis.

DECREE
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.