WICKER, Judge.
Ross Donaghey appeals his conviction by guilty plea of simple burglary, a violation of La.R.S. 14:62, and his six-year suspended sentence and probation. The issues are the procedure by which his plea was entered, his competency, his sentence, his right to a preliminary examination, the effect of his indigency, and the effectiveness of his representation. We affirm the conviction. The sentence is also affirmed, as amended.
Specifically, these are Donaghey’s assignments of error:
1.The trial court erred by accepting a plea of “guilty” by the defendant without formally withdrawing the “not guilty” plea on the record, and by further not entering the “plea of guilty” on the record for simple burglary under Louisiana R.S. 14:62, consequently denying the defendant his rights of “due process” and “access to the courts” under the Louisiana Constitution of 1974, and the U.S. Constitution, Amends [sic], five and fourteen.
2. The trial court erred by allowing counsel, other than counsel of record to proceed with representation of defendant, and defendant was denied ineffective [sic] assistance of counsel under the Sixth Amendment of the U.S. Constitution, as counsel did not investigate the facts of the alleged business burglary, and his client/defendant pled guilty to house and not business burglary, and defendant was not apprised of his constitutional rights to the preliminary examination.
3. The trial court erred by failing to follow and utilize the recommended sentencing guidelines, and by rendering an illegal and unusually harsh sentence for a first time offender when the other two accomplices were nolle processed [sic].
4. The trial court erred by accepting a “plea of guilty” to simple burglary of a business when elements of a simple burglary did not exist and there was no bill of particulars to indicate unauthorized entry, and defendant plead [sic] guilty to a charge of taking something from a house when he got caught.
He did not brief his third assignment, and we will therefore not consider it. Uniform Rules Courts of Appeal, Rule 2-12.4.
Donaghey’s first assignment of error lists eleven grounds. Grounds one through four relate to withdrawal of his not guilty plea and entry of his guilty plea and the withdrawal of his attorney without an order enrolling a new attorney. There is no merit to his arguments. The minute entry shows the withdrawal of his not guilty plea and the entry of a plea of guilty. The minutes also indicate that he was represented by one attorney standing in for another. His fifth ground alleges *436 that the record does not give a factual basis for his guilty plea, but “Louisiana law ... has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.” State v. Perry, 515 So.2d 654, 655 (La.App. 3rd Cir.1987). As his sixth ground, Donaghey argues that the waiver of rights form he signed did not specify the special conditions of probation. However, he shows no prejudice resulting from this lack, nor does he argue that he would not have pled guilty had these conditions been listed. Grounds seven through ten allege that the judge failed to set his motions, etc. for hearing; but a guilty plea waives all such alleged non-jurisdictional defects. State v. Boudreaux, 565 So.2d 1069 (La.App. 5th Cir.1990). His eleventh ground claims the record discloses “no indigent defense”, a claim and argument we do not understand. Summing up, all grounds in Donaghey’s first assignment of error lack merit.
Donaghey’s second and fourth assignments of error basically relate to a claim of ineffective assistance of counsel. The factual allegations are not supported, however, by the very sparse record before us; so we are not able to evaluate this claim. Claims like this are more properly raised by an application for post-conviction relief. State v. Lockett, 542 So.2d 670 (La.App. 5th Cir.1989). Although we might have, as in other cases, handled this issue in the interest of judicial economy, in this case there is simply not enough before us to make this determination.
We do note a sentencing error. Dona-ghey was sentenced to six years at hard labor, the execution of which was suspended. Defendant was also placed on six years active probation. La.C.Cr.P. art. 893, however, specifies that the period of probation be not more than five nor less than one year. The period of active probation is therefore reduced to five years.

CONVICTION AFFIRMED, SENTENCE AFFIRMED, AS AMENDED.