633 So.2d 358 (1993)
STATE of Louisiana
v.
Rosemary GRIFFIN.
No. 93 KA 0287.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
*359 Doug Moreau, Dist. Atty., Baton Rouge, by Kay Howell, Asst. Dist. Atty., for appellee State.
David Price, Office of Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Defendant, Rosemary Griffin, was charged by bill of information with attempted second degree murder, in violation of La.R.S. 14:27 and 14:30.1. Originally, defendant pled not guilty but changed her plea to guilty of attempted manslaughter, under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). She was sentenced to five years at hard labor, with credit for time served. This appeal follows.

FACTS:
On October 26, 1991, defendant stabbed the victim, Curry Jenkins, in the chest. The following facts were revealed at the preliminary examination. Baton Rouge City Police Detective Donald Green testified that, around 11:00 p.m. on October 26, 1991, he was dispatched to Martin Street in Baton Rouge to investigate a stabbing. When he arrived, the owner of the residence, James Lee, told him that he had been out with defendant, his girlfriend. After they went home, defendant went inside the house while he was parking the car. When Lee entered the house, he found defendant and his son, Curry Jenkins, who lived with him, arguing. Lee told Detective Green that defendant and his son began shoving one another and that defendant was pushed to the floor. When defendant got up, she went into the kitchen, came back out with a knife, stabbed Jenkins and left the house. James Lee's testimony at the preliminary examination corroborated that of Detective Green's. Additionally, Lee testified that, after defendant had the knife in her hand, his son (the victim) told her, "I've got something for you." Lee also stated that his back door is located in the kitchen but it is nailed shut for security purposes. Lee's son, the victim, survived after spending several days in the hospital in intensive care.

ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, defendant alleges that the trial court erred when it accepted defendant's guilty plea. Specifically, defendant contends that the Boykin was inadequate because the court did not adequately advise her of the nature of the charges against her, the court did not read the criminal statute to her, the court did not state what elements the state had to prove in order to convict her and the court failed to advise her of the possible sentencing range.
It is true that, at the Boykin proceeding, the court did not talk about the nature of defendant's charges, did not read to her the criminal statute and did not discuss the elements of the crime which the state must prove in order to convict. However, a preliminary examination was conducted at which *360 testimony revealed facts which constitute the elements of attempted manslaughter.
During the Boykin proceeding, the trial court stated:
Well, from what I have been told about the case, I think you're guilty of attempted manslaughter. I think you were provoked. I don't think you're guilty of attempted murder. I do think you're guilty of attempted manslaughter. You were provoked into doing what you did, which makes it a lesser charge, but that you didn't have to do what you did. You didn't have to stab a man in the heart just because he was beating on you.
After making the statement, the court made the preliminary examination part of the record of the Boykin proceeding.
The validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, defendant must establish that her lack of awareness of the elements resulted in her unawareness of the essential nature of the offense to which she was pleading. State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). Herein, defendant was present at the preliminary examination and we find that she was informed of the nature of the charge filed against her.[1]
During the Boykin examination, the trial judge carefully advised defendant of her rights: against self-incrimination, to a trial by jury and to confront her accusers. The trial judge asked defendant if she could read and write; and defendant answered, "Yes, sir."
The United States Supreme Court, in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), reversed five robbery convictions based upon guilty pleas on the basis that the court accepting the pleas had not ascertained that the defendant voluntarily and knowingly waived his right against compulsory self-incrimination, right to jury trial, and right of confrontation. The language included in many Louisiana cases concerning a requirement that the accused be advised of his possible sentencing exposure, citing Boykin, apparently derived from footnote 7 in Boykin, in which the Supreme Court quoted from a Pennsylvania state court case as a demonstration of the court's approach to the issue. The Boykin decision itself does not require such advice; it only requires that a defendant be informed of the three rights enumerated above. "Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions." State v. Nuccio, 454 So.2d 93, 104 (La.1984).
Defendant argues that the guilty plea is invalid because the trial court did not advise her of the sentencing range. As previously noted, Boykin requires no such advice. Moreover, it is not clear what, if any, explanation is owed to a defendant about maximum penalty exposure, only that an understanding of the exposure is important to a defendant in some cases. State v. Haney, 434 So.2d 1264, 1266 n. 3 (La.App. 1st Cir. 1983). Defendant herein does not contend that her guilty plea is rendered involuntary because she received a sentence in excess of the one promised her nor that she was actually unaware of her sentencing exposure. Cf. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982) (wherein the defendant attacked his guilty plea by way of post conviction relief and established his misunderstanding of when he would be eligible for parole and that he would not have pled guilty had he known he would be ineligible for probation or parole).
We note that defendant was originally charged with attempted second degree murder and pled guilty to the lesser charge of attempted manslaughter. A guilty plea is a *361 conviction and, therefore, should be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988). For the reasons herein stated, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant alleges that the trial court erred by imposing an excessive sentence. Specifically, defendant contends that the trial court did not comply with the sentencing guidelines and did not consider any mitigation, such as the fact that she is a first time felony offender having five felony arrests but no other convictions.
Defendant was sentenced on October 9, 1992 so the new sentencing guidelines apply. Defendant filed a motion to reconsider sentence, which was denied.
This Court will not set aside a sentence solely because of the trial court's failure to impose the sentence in conformity with the new sentencing guidelines. See La. C.Cr.P. arts. 881.6 and 894.1 (A). See also La.C.Cr.P. art. 881.4 (D). Furthermore, this Court will not set aside a sentence on the ground of excessiveness if the record supports the sentence imposed. See La.C.Cr.P. art. 881.4 (D). We note that criminal activity is one of the factors to be considered by the court when sentencing a defendant and is not just limited to convictions. State v. Washington, 414 So.2d 313, 315 (La.1982).
The penalty provided by statute for attempted manslaughter is a term of imprisonment of no more than ten and one-half years at hard labor. Defendant was sentenced to five years at hard labor. During the sentencing, the trial court noted that the victim spent four months recuperating before he could return to work and that his hospital bills were $11,000. The trial court stated that defendant is not a youthful offender, at age 38, and that she had been arrested for eleven different crimes, five of which were felonies. Three of the five felonies were aggravated batteries, and the court noted that an aggravated battery is a crime closely related and similar to attempted manslaughter. After a careful review of the record, we find that the trial court did not abuse its discretion in imposing sentence and that defendant's sentence is not excessive. For the reasons herein stated, we find this assignment of error meritless.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] We note that our brethren at the Third Circuit Court of Appeal held in State v. Perry, 515 So.2d 654 (La.App. 3rd Cir.1987), that a guilty plea need not be accompanied by the recitation of a factual basis. "`[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea....' Louisiana law, unlike Fed.Rule Cr.Proc. 11(f), has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis." State v. Perry, 515 So.2d at 655 [(quoting Banks v. McGougan, 717 F.2d 186 (5th Cir.1983)].