894 So.2d 359 (2005)
STATE of Louisiana
v.
Lisa D. EBRIGHT.
No. 04-KA-972.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and THOMAS F. DALEY.
JAMES L.CANNELLA, Judge.
The Defendant, Lisa Ebright, appeals from her conviction of distribution of cocaine and her sentence of 12 years imprisonment at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence. For the reasons which follow, we vacate the sentence and remand.
The Jefferson Parish District Attorney filed a bill of information charging the Defendant with distribution of cocaine, in violation of La. R.S. 40:967(A). She initially *360 pled not guilty, but later withdrew that plea and pled guilty as charged. In connection with her guilty plea, the Defendant executed a waiver of rights form wherein she was advised of her rights and informed that the maximum sentence for the charge to which she was pleading guilty was 30 years. The form also stated that the Defendant, as part of the plea, was to receive two years in the Department of Corrections with credit for time served. The plea form was signed by the Defendant, defense counsel, and the trial judge.
The trial court conducted a plea colloquy in open court during which the Defendant was again advised of her rights and informed that the maximum sentence for distribution of cocaine was 30 years. The trial court expressly advised the Defendant that, if her plea was accepted, she would be sentenced to two years. The trial court subsequently accepted the Defendant's guilty plea, concluding that it was knowingly and voluntarily made. Thereafter, it was agreed that the Defendant would be sentenced at a later date. As an aside, after the plea was accepted, the trial court warned the Defendant that if she did not appear at sentencing "her sentence would grow." The Defendant indicated that she understood.[1]
Despite the trial court's warning, the Defendant failed to appear for sentencing on May 2, 2003 and an attachment was issued. When the Defendant eventually appeared on August 29, 2003, her attorney offered as a reason for her non-appearance, that she "got scared." The Defendant apologized for not appearing timely. Defense counsel requested that the Defendant's non-appearance be treated as a contempt matter. The trial court rejected defense counsel's request and sentenced the Defendant to 12 years imprisonment at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence. The Defendant objected to the sentence as excessive, but did not ask to withdraw her guilty plea.[2] It is from this conviction and sentence that the Defendant appeals.
On appeal, the Defendant argues that her twelve year sentence is excessive. She asserts that the trial court violated the plea agreement wherein it was agreed that she would receive a two year sentence. The Defendant contends that the trial court did not have the authority to increase her sentence by ten years simply because she failed to appear at sentencing. Rather, the Defendant argues that the trial court should have imposed the 2 year sentence, agreed upon as part of the plea agreement, and dealt with her non-appearance through contempt proceeding, if necessary, or allowed the Defendant the option of withdrawing her guilty plea. For the reasons which follow, we agree.
First, it must be noted that the Louisiana Supreme Court has held that a defendant's failure to make a formal motion to withdraw a guilty plea does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or post-conviction relief. A plea is considered constitutionally infirm when a defendant is induced to enter the plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain *361 is not kept. State v. Dixon, 449 So.2d 463, 464 (La.1984).
Based on our review of the record, we find that the imposition of the 12 year sentence after the Defendant was promised a two year sentence as inducement for the plea renders the guilty plea constitutionally infirm. The guilty plea form clearly indicates that the Defendant was promised a two year sentence in return for her plea. The form was signed by the Defendant, defense counsel and the trial judge. Moreover, during the plea colloquy between the trial judge and the Defendant in open court, the same agreement was stated for the record, that the Defendant was to receive a two year sentence in exchange for her plea. We find that under this plea agreement, the only sentence that the trial judge could have constitutionally imposed was that which had been agreed upon as inducement for the plea, two years with credit for time served. In imposing a greater sentence than the one agreed upon, the plea was rendered constitutionally infirm.[3] Therefore, we vacate the sentence imposed and remand the case to the trial court for imposition of the sentence agreed upon in the plea agreement or an opportunity for the Defendant to withdraw her guilty plea.
We are mindful of the frustration, delay, inconvenience and added expense to the trial court by non-appearance of a party as required. However, we find that such an occurrence can more appropriately be dealt with through contempt proceedings, if necessary, while still affording due process to the offending party.
We have reviewed the record for errors patent, as per the Defendant's request and in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). Our review reveals no errors in this case.
Accordingly, for the reasons stated above the Defendant's sentence is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.

SENTENCE VACATED; CASE REMANDED
DUFRESNE, J., dissents.
DUFRESNE, J., Dissenting.
In State v. Stewart, 03-976 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271, this court addressed a similar issue raised by the defendant in the instant appeal. In Stewart, the trial court warned the defendant in open court that if he failed to appear he would receive the maximum sentence. The defendant failed to appear for sentencing, and as a result of a multiple bill, he received a twelve year sentence rather than the five years agreed upon in the plea agreement.
In the present case, the defendant was warned that "her sentence would grow" and she would receive a greater sentence than the originally agreed upon two year sentence.
*362 Accordingly, there was no breach of the plea agreement, and the defendant was sentenced in conformity with the plea agreement. Thus, I would affirm the defendant's conviction and sentence.
NOTES
[1] Any condition to the plea regarding an increase in sentence for her failure to appear was not referenced in the guilty plea form.
[2] Defense counsel did suggest to the trial court that the proper remedy would be to hold the Defendant in contempt of court as opposed to increasing her sentence on the guilty plea conviction due to her initial failure to appear timely for sentencing.
[3] We note that the case of State v. Stewart, 03-976 (La.App. 5th Cir.12/30/03), 862 So.2d 1271, decided by this Court, is not on point with the instant case and is not dispositive. In Stewart, the defendant was expressly informed, as part of the plea agreement, that his sentences would be imposed consecutively rather than concurrently, and that he would be multiple billed, if he did not appear timely for sentencing. In that case, the court found that the plea was not rendered constitutionally infirm by imposition of the greater sentence because the defendant had been clearly informed of the two possible sentences when he entered his plea. No such clear and express advice was given to the Defendant in this case.