39 So.3d 706 (2010)
STATE of Louisiana
v.
James ROCHE.
No. 09-KA-684.
Court of Appeal of Louisiana, Fifth Circuit.
March 23, 2010.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
*707 Frederick J. Kroenke, Jr., Attorney at Law, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and MARC E. JOHNSON.
MARC E. JOHNSON, Judge.
Defendant, James Roche, appeals his 30-year sentence resulting from his conviction for distribution of cocaine. We affirm.
On November 7, 2007, the Jefferson Parish District Attorney's Office filed a bill of information charging the defendant, James Roche, with distribution of cocaine in violation of LSA-R.S. 40:967(A). He initially pled not guilty, but later, on February 14, 2008, withdrew his not guilty plea and pled guilty as charged. Defendant was subsequently sentenced to 30 years in the Department of Corrections with the first two years being served without the benefit of parole, probation, or suspension of sentence. Defendant later filed an application for post-conviction relief and obtained this out-of-time appeal under State v. Counterman, 475 So.2d 336 (La.1985).
Defendant argues his 30-year sentence is unconstitutionally excessive. He maintains the trial court improperly imposed a maximum sentence on the basis he failed to appear for sentencing. Defendant contends he is not the worst offender and, therefore, a maximum sentence was not warranted. The State contends defendant is precluded from raising the excessiveness of his sentence because it was imposed pursuant to a plea agreement.
The facts and circumstances of the offense are unknown because the defendant pled guilty and the facts of the offense were not set forth in the plea colloquy.[1] During the plea colloquy, the trial court advised defendant that his sentence would be ten years in the Department of Corrections with the first two years being without the benefit of parole, probation, or suspension of sentence. The trial court further stated it would recommend defendant for a boot camp program. Instead of immediately sentencing defendant upon accepting his plea, the trial court set a sentencing date seven days later on February 19, 2008. The trial court specifically told defendant, "If you don't show up, or if you show up late, then, I can sentence you as freely as I want, okay?" The trial court expressly stated that defendant's sentence would not be ten years with a boot camp recommendation but rather "[i]t will be more like, what you are looking at, without a bill, you're looking at 65 years. The state can multiple bill you, which would increase that substantially."[2] Defendant *708 stated he understood. The State also clarified that its agreement not to file a multiple bill against defendant was conditioned on defendant appearing for sentencing. The State made clear that it reserved its right to file a multiple bill against defendant if he failed to appear for sentencing.
Despite the trial court's warning, defendant failed to appear for sentencing on February 19, 2008 and an attachment was issued. He subsequently appeared in court on August 7, 2008. Defendant explained that he failed to appear at his February sentencing hearing because he was in Texas attending his grandmother's funeral. He stated he did not contact his attorney because he did not have her phone number and did not know the location of the public defender's office. The trial court held defendant in contempt of court and started to sentence him to six months on each count. In the middle of sentencing defendant on the contempt conviction, the trial court stated it wanted to "get rid of the sentencing." The trial court acknowledged defendant was not set for sentencing but asked if defendant would agree to being sentenced. The trial court explained that if defendant agreed to be sentenced, there would be no reason to hold him in contempt of court. Defense counsel stated defendant was ready for sentencing. Thereafter, the trial court sentenced defendant to 30 years in the Department of Corrections with the first two years being without the benefit of parole, probation, or suspension of sentence. The trial court explained that the sentence was based on a review of defendant's criminal history and "the menace of this case," in that defendant failed to report. Defense counsel objected to the excessiveness of the sentence.
A defendant is precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement. State v. Cross, 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30. Under La.C.Cr.P. art. 881.2(A)(2) "[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This prohibition encompasses sentences imposed pursuant to plea agreements setting forth specific sentences as well as plea agreements with sentencing caps. State v. Bolton, 02-1034, p. 7 (La.App. 5 Cir. 3/11/03), 844 So.2d 135, 142, writ denied, 03-1159 (La.11/14/03), 858 So.2d 417.
In a case similar to the present, State v. Stewart, 03-976, pp. 8-9 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271, 1277, this Court found that the defendant was precluded from raising a claim for excessiveness of sentence on appeal because he was sentenced in conformity with a plea agreement. Under the plea agreement, the defendant was to receive five years at hard labor on each count to run concurrently and the State waived its right to multiple bill the defendant. During the plea colloquy, it was agreed sentencing would be deferred. The trial court warned the defendant in open court that if he failed to appear for sentencing he would not receive the agreed-upon sentence. The trial court specifically informed the defendant he could receive the maximum sentence. The defendant was also advised the State could file a multiple bill in the event he failed to appear. Despite these warnings, the defendant failed to appear for sentencing. As a result, he was subsequently sentenced to five years on each count to run consecutively and the State filed a multiple bill resulting in a total sentence of twelve years. This Court found the defendant *709 was well aware of the two possible sentences depending on whether he appeared for sentencing, and noted it was defendant's actions that dictated the sentence imposed. As such, we concluded defendant was sentenced in accordance with the terms of the plea agreement as executed in open court.
In Stewart, we further concluded that the defendant was not entitled to withdraw his guilty plea because there was no breach of the plea agreement.[3]Stewart, 03-976 at 7-8, 862 So.2d at 1276-77. We found the defendant was informed of his rights and the consequences of his plea and that the plea was entered into knowingly and voluntarily. We determined the defendant was not misled and there was no indication that his guilty plea was coerced.
Likewise, we find defendant in the present case is precluded from challenging the excessiveness of his sentence on appeal because his sentence was imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. The trial court warned defendant in open court that if he failed to appear he would not receive the 10-year sentence with a boot camp recommendation, but rather he would face a possible maximum sentence. Defendant failed to appear for sentencing, and as a result, he received the maximum 30-year sentence.[4] Defendant was clearly informed of the two possible sentences, which were dictated by his actions, when he entered his plea.[5]
Defendant also argues that to the extent he is precluded from raising excessiveness of sentence on appeal, he received ineffective assistance of counsel because his trial counsel failed to file a motion to reconsider his sentence. This Court routinely reviews sentences for constitutional excessiveness in the absence of defendant's timely objection or the filing of a motion to reconsider the sentence. State v. Armstead, 07-741, p. 10 (La.App. 5 Cir. 2/6/08), 980 So.2d 20, 26, writ denied, 08-601 (La.10/3/08), 992 So.2d 1010. Thus, a trial counsel's failure to file a motion for *710 reconsideration of sentence does not prevent review of a sentence for constitutional excessiveness. Further, the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A defendant must also "show a reasonable probability that, but for counsel's error, his sentence would have been different." Id. In the present case, we have found defendant is precluded from raising the excessiveness of his sentence because it was imposed in conformity with a plea agreement. Thus, it was not trial counsel's failure to file a motion for reconsideration of sentence that precluded review of defendant's sentence for constitutional excessiveness. As such, we find no merit in defendant's claim.
We reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Hicks, 08-402, p. 13 (La.App. 5 Cir. 12/16/08), 3 So.3d 539, 547, and found inaccuracies in the commitment.
According to the commitment, defendant was found guilty of "40:967.A F II SCHEDULE II DIST/POSS. WITD OF A CDSCOCAINE." First, we note that there is no statutory provision of "40:967.A F II Schedule II." Defendant was convicted of La. R.S. 40:967(A). Additionally, according to the transcript, defendant pled guilty to distribution of cocaine, not possession with intent to distribute cocaine. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Because the commitment incorrectly references the applicable statute to which defendant pled guilty and appears to combine the charge of distribution of cocaine with the charge of possession with intent to distribute cocaine, we remand this matter to allow the trial court to correct the commitment to conform to the transcript. See State v. Norman, 99-600, p. 12 (La.App. 5 Cir. 2/16/00), 756 So.2d 525, 532, writ denied, 00-971 (La.3/23/01), 787 So.2d 1007, and State v. Johnson, 08-265, p. 7 (La.App. 5 Cir. 8/19/08), 994 So.2d 595, 600.
Accordingly, for the reasons stated above, defendant's conviction for distribution of cocaine and his sentence of 30 years in the Department of Corrections are affirmed. The case is remanded for correction of the commitment.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTION.
EDWARDS, J., dissents with reasons.
EDWARDS, J., dissents.
I disagree with the finding of the majority that the sentence in the present case was imposed in conformity with a plea agreement. In State v. Stewart, cited by the majority, a panel of this Court determined that a plea agreement was expanded to include the trial judge's warning that he would impose consecutive sentences, rather than concurrent sentences, and defendant would be multiple billed should he fail to appear. There we affirmed the extended sentence. We distinguished Stewart in State v. Ebright, also cited in the majority opinion. In Ebright, we found that Stewart was not dispositive because Stewart had been clearly informed of the two possible sentences, whereas Ebright was given no such "clear and express advice" but merely told that her "sentence would grow."
I have grave misgivings with the result in Stewart; further, in my opinion, the instant case is more analogous to Ebright. Here, as in Ebright, any condition to the plea regarding an increase in sentence for failure to appear was not referenced in the guilty plea form, which clearly indicates the original sentence only. Therefore, any *711 failure of Roche to appear timely was clearly not a condition of the plea bargain. Additionally, the statements made by the trial court in the present case did not provide "clear and express advice." The trial judge informed Roche that, if he did not appear as scheduled, "I can sentence you as freely as I want, okay ... which won't be ten years with a boot camp recommendation. It will be more like ... without a bill, you're looking at 65 years. The state can multiple bill you which would increase that substantially." Rather than advising Roche of the sentence he would receive, in my view, the court was essentially advising Roche of the possible maximum sentence upon his failure to appear timely.
Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea. State v. Bishop, 96-694 (La.App. 5 Cir. 12/30/96), 686 So.2d 1053 (citing Lewis v. State Through Dep't of Public Safety and Corrections, 602 So.2d 68 (La.App. 1 Cir.1992), writ denied, 604 So.2d 1312 (La.1992)). Due process will not allow a judge to impose a heavier sentence than bargained for without permitting withdrawal of the guilty plea. See, State v. Chalaire, 375 So.2d 107 (La.1979).
In my opinion, rather than summarily decide on a longer sentence, due process at these contempt proceedings required the trial court to hear and determine whether Roche was in contempt and to sentence him accordingly while allowing him the opportunity to withdraw his guilty plea.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] In State v. Donaghey, 618 So.2d 434, 435 (La.App. 5 Cir.1993), quoting State v. Perry, 515 So.2d 654, 655 (La.App. 3 Cir.1987), this Court noted that "`Louisiana law ... has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.'" In Perry, the Third Circuit quoted Banks v. McGougan, 717 F.2d 186 (5th Cir. 1983), and further explained "`[t]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless ... the state judge is put on notice that there may be some need for such inquiry (as, for example, when the accused asserts his innocence).'" See also State v. Estes, 42,093, p. 11 (La.App. 2 Cir. 5/9/07), 956 So.2d 779, 787, writ denied, 07-1442 (La.4/4/08), 978 So.2d 324.
[2] Defendant also pled guilty to two other offenses, distribution of marijuana and second offense possession of marijuana, stemming from two other bills of information bearing docket numbers 05-2485 and 08-663. As part of defendant's plea agreement, the trial court agreed to run all three sentences concurrently. The trial court's reference to a possible 65-year sentence assumes maximum sentences on all three counts that would run consecutive to each other.
[3] Unlike the present case, the defendant in Stewart sought to withdraw his guilty plea. We are mindful that a defendant's failure to make a formal motion to withdraw a guilty plea does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or post-conviction relief. A plea is considered constitutionally infirm when a defendant is induced to enter the plea by a plea bargain, and that bargain is not kept. State v. Dixon, 449 So.2d 463, 464 (La. 1984). We do not find this to be the case in the present matter.
[4] It is noted that the trial court imposed the maximum sentence on all three offenses to which defendant pled guilty. However, the trial court ordered the sentences to run concurrently as opposed to consecutively. For reasons unknown to this Court, defendant did not appeal his sentences in the other two cases, 05-2485 and 08-663.
[5] We note that the case of State v. Ebright, 04-972 (La.App. 5 Cir. 1/11/05), 894 So.2d 359, decided by this Court after Stewart, is distinguishable from the present case. In Ebright, the trial court advised the defendant during the plea colloquy that she would receive a two-year sentence if it accepted her plea. The trial court accepted the defendant's plea and deferred sentencing. The trial court warned the defendant that if she failed to appear at sentencing, "her sentence would grow." The defendant failed to appear for sentencing and was ultimately sentenced to 12 years. The Ebright court found the defendant's plea was constitutionally infirm because the defendant did not receive the sentence for which she bargained. Unlike Stewart and the present case, the trial court in Ebright did not specify the sentence defendant would face if she failed to appear, but rather simply stated her sentence "would grow." Here, as in Stewart, the trial court clearly informed defendant he faced a maximum sentence if he failed to appear for sentencing.