JUDE G. GRAVOIS, Judge.
| ¡¿Defendant, Willie J. Ellison, Jr., has appealed his convictions and sentences for possession with intent to distribute heroin and possession with intent to distribute cocaine. For the reasons that follow, we affirm defendant’s convictions, vacate the sentences imposed, and remand for resen-tencing, for correction of a minute entry and defendant’s commitment, and to provide defendant with the required post-conviction relief advisal.

PROCEDURAL HISTORY

On October 31, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (Count 1), and possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) (Count 2). Defendant filed a motion to Rquash, which was denied after a hearing conducted on June 23, 2010. Defendant’s writ application to this Court challenging the trial judge’s denial of his motion to quash was also denied. State v. Ellison, 10-K-551 (La.App. 5 Cir. 6/28/10) (unpublished writ disposition).
Defendant’s motion to suppress evidence and statement was denied after a hearing conducted on August 4, 2010.
On August 23, 2010, defendant pled guilty as charged.[1] On September 28, 2010, defendant filed a motion to withdraw his guilty pleas, which was denied that same day. Afterwards, the trial judge sentenced defendant to 30 years imprisonment on Count 1 and 20 years imprisonment on Count 2, with the sentences to run consecutively to each other and concur *141 rently with the sentence imposed in case No. 07-6290.
Also on September 28, 2010, the State filed a multiple offender bill of information against defendant, alleging him to be a fourth felony offender. Defendant denied those allegations. On October 29, 2010, defendant filed an untimely motion to reconsider sentence, and an untimely motion for appeal that was granted. Defendant’s appeal was lodged in this Court bearing case No. ll-KA-377.
On October 19, 2011, defendant filed in this Court an “Unopposed Motion to Remand Instant Case for Expedited Consideration as an Out of Time Appeal.” On October 28, 2011, this Court ordered that case No. ll-KA-377 be remanded to the district court for consideration as an out-of-time appeal. Defendant filed a motion for an out-of-time appeal on November 4, 2011 that was granted on November 7, 2011. The instant appeal followed.

FACTS

The following facts were obtained from the transcript of the hearing held on defendant’s motion to suppress. Deputy Christopher Ives testified that an |4anonymous person called 9-1-1 and reported seeing a black male sitting in a black vehicle at a bank, whom the caller said that he recognized as the same person who was pictured in the Times-Picayune newspaper that morning as “wanted” in New Orleans. When Deputy Ives arrived at the bank, he saw the black male, later identified as defendant. Deputy Ives exited his marked unit and started walking towards the black vehicle. As he did so, defendant exited the passenger side of the vehicle and started walking very fast, almost running, toward the front door of the bank.
Deputy Ives and another deputy followed defendant into the bank. Defendant continued walking to the rear of the bank’s lobby. Defendant complied when asked by the deputies to place his hands on his head, but then a minor struggle ensued, after which defendant was arrested.
The deputies ran defendant’s name through the National Crime Information Center (“NCIC”), which confirmed that defendant was “wanted” in New Orleans. They escorted defendant out to the police unit, patted him down for weapons, and searched him incidental to the arrest. During the search, a large quantity of heroin, cocaine, and marijuana was found in defendant’s pocket. Afterwards, defendant said, “I’m glad I’m caught. I’m glad this is over. I’m tired of running.” Defendant made these statements voluntarily without questioning by the deputies.

ASSIGNMENT OF ERROR NO. ONE

In his first assignment of error, defendant argues that the trial judge erred by denying his motion to withdraw his guilty pleas. He contends that his guilty pleas should be vacated because the sentences imposed were inconsistent with his plea agreement. He claims that his plea agreement indicated he would receive two concurrent 15-year sentences, but that the trial judge instead sentenced him to a 30-year sentence on Count 1 and a 20-year sentence on Count 2, to run consecutively. IsThe State responds that the trial judge did not err in denying defendant’s motion to withdraw his guilty pleas since the guilty pleas were not constitutionally deficient. The State further explains that defendant was given the harsher sentences because he failed to appear for sentencing, which was a condition that he agreed to in the plea agreement.
The record reflects that on August 23, 2010, the prosecutor said that it was her understanding that defendant was going to *142 enter guilty pleas that day and sentencing would be set for September 22, 2010. She informed the court that defendant was a fourth felony offender, but that she had offered him a double bill and 15 years if he pled guilty to “everything.” However, the prosecutor explained that she wanted to make it clear to the court and to the defense that if defendant did not turn himself in at 9:00 a.m. on September 22, his guilty pleas would stand, but he would be multiple billed as a fourth felony offender and would be facing a sentence of 50 years to life imprisonment. She also stated that defendant would be placed in home incarceration during this period and that if defendant violated the terms of his home incarceration, he would be multiple billed and would be facing a sentence of 50 years to life.
Defense counsel then said that he spoke to defendant regarding the terms and conditions of his guilty pleas and that they had memorialized them in a Boykin [2] form. Defendant then pled guilty pursuant to the Boykin form tendered to the court. He was sworn in, after which the trial judge reviewed his rights, and he waived them. The trial judge informed defendant of the minimum and maximum sentences he could receive on both counts. The judge then stated, “if you do not return to this court on September 22 at nine o’clock for formal sentencing, ... this deal will be off the table and [the State] will be filing a multiple bill against you |6that will allege that you are a fourth offender which would subject you to 50 years to life in prison. Is that your understanding, sir?” Defendant responded, ‘Tes, sir.” Defendant confirmed that he had not been forced, threatened, or coerced into entering his pleas.
The trial judge then told defendant to report immediately to the home incarceration office. The prosecutor then stated, “Judge, just for the record, as I said earlier, also, if he violates any of those terms of home incarceration as well, he could be sentenced to 50 to life. I just want to make sure he understands.” The trial judge then stated, “You understand that, Mr. Ellison?” Defendant responded, ‘Tes, sir. Yes, ma’am.” A review of the waiver of rights form shows that defendant waived his rights and acknowledged the above terms and conditions of his guilty pleas.
Despite the warnings of the prosecutor and the trial judge, defendant did not comply with the terms of the plea agreement. He did not report to the home incarceration office as ordered, nor did he appear for sentencing on September 22, 2010. On September 28, 2010, defendant filed a motion to withdraw his guilty pleas. In that motion, defendant said that he had previously entered the guilty pleas believing it was in his best interest; however, he had since determined that he would prefer a jury trial. On that same date, at the hearing on the motion, the prosecutor argued that there was no basis for defendant to withdraw his guilty pleas. Defense counsel indicated that defendant had not appeared on the designated sentencing date because defendant’s toddler daughter had undergone surgery and had been released from the hospital on that date, and therefore urged the trial judge to grant the motion and set the matter for trial.
The trial judge responded that he saw no connection between defendant’s daughter’s hospitalization and defendant’s guilty pleas. The trial judge found that | defendant had made knowing, intelligent, free, and voluntary pleas of guilty, and that defendant filed the motion to withdraw guilty pleas because he failed to re *143 port to home incarceration and for sentencing. The trial judge stated that the reasons stated by defendant were not a proper basis for withdrawing the guilty pleas, and therefore denied the motion and noted defense counsel’s objections.
The trial judge then sentenced defendant as follows: on Count 1 to 30 years in the Department of Corrections with the first five years to be served without the benefit of parole, probation, or suspension of sentence; on Count 2 to 20 years in the Department of Corrections with the first two years to be served without the benefit of parole, probation, or suspension of sentence; and with both sentences to run consecutively to each other. The trial judge noted that the State had filed a multiple offender bill of information against defendant alleging him to be a fourth felony offender. Defendant denied the allegations of the multiple bill and it was set for hearing. However, the multiple bill was subsequently withdrawn by the State.

Analysis and discussion

In State v. Stewart, 03-976 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271, this Court held that the trial judge did not err in imposing a sentence not in accordance with the original plea agreement. In Stewart, as part of the plea agreement, the defendant agreed to a sentence of five years imprisonment at hard labor on each count, to run concurrently, and the State agreed to waive its right to file a multiple offender bill of information against the defendant. After pleading guilty, the defendant requested a delay in sentencing so he could get his affairs in order. The trial judge agreed to defer sentencing and specifically informed the defendant that the agreed-upon sentence was contingent upon him appearing for the scheduled sentencing hearing. Id. at 1273-74. The trial judge informed the defendant that if |Rhe failed to appear, he “could receive the maximum sentence and the State may, in fact, recharge you, charge you differently in this case, do you understand that?” The State then informed the court that it reserved its right to file a multiple bill, which would enhance the defendant’s sentence, and the defendant indicated that he understood the consequences of failing to appear. Id. at 1276.
Despite the trial judge’s warnings, the defendant failed to appear for sentencing on the scheduled date. Thereafter, the trial judge imposed a greater sentence than was indicated in the plea agreement. Additionally, the State filed a multiple bill against the defendant, and he received an enhanced sentence on one of the counts. The defendant then filed a motion to withdraw his guilty plea, which was denied by the trial court. Id. On appeal, this Court held that the trial court did not err in denying the defendant’s motion to withdraw his guilty plea, finding that the defendant had been informed of his rights and the consequences of his plea, and that the plea had been entered into knowingly and voluntarily. This Court further determined that the defendant had not been misled, and there was no indication that his guilty plea was in any way coerced.
Additionally, this Court stated that the only conditional part of the agreement was the defendant’s sentence, which depended upon the defendant appearing on the designated date for sentencing. This Court noted that the defendant failed to appear for sentencing even though he had been warned of the consequences, and therefore, “he should not now be allowed to withdraw his guilty plea.” Id. at 1277. This Court found that the plea agreement had not been breached by the State or trial judge; rather, it was the defendant’s actions that dictated the sentence imposed. Further, this Court held that the trial *144 court did not err in failing to sentence the defendant in accordance with the original plea agreement, noting that the defendant had acknowledged that there were two Inpossible sentences depending on whether he appeared for sentencing. This Court stated that the defendant chose not to appear; therefore, he received the greater sentence. Id.
Conversely, in State v. Ebright, 04-972 (La.App. 5 Cir. 1/11/05), 894 So.2d 359, this Court vacated the defendant’s sentence and remanded the case to the trial court for imposition of the sentence agreed upon in the plea agreement or for the defendant to have an opportunity to withdraw her guilty plea. Id. at 361.
In Ebright, the defendant pled guilty and during the plea colloquy, the trial court advised the defendant that she would be sentenced to two years. Sentencing was set for a later date. After the plea was accepted, the trial judge warned the defendant that “her sentence would grow” if she failed to appear for sentencing. The defendant failed to appear on the scheduled date for sentencing and was thereafter sentenced to 12 years imprisonment at hard labor. Id. at 360. On appeal, this Court found that the trial court erred in imposing the 12-year sentence after the defendant had been promised a 2-year sentence as inducement for her plea. This Court distinguished Ebright from Stewart, supra, finding that no clear and express advice was given to the defendant in Ebright regarding the length of time her sentence would increase due to her failure to appear. Id. at 361.
More recently, in State v. Roche, 09-684 (La.App. 5 Cir. 3/23/10), 39 So.3d 706, writ denied, 10-930 (La.11/19/10), 49 So.3d 396, this Court found that the trial court did not err in imposing a maximum sentence due to the defendant’s failure to appear for sentencing. In Roche, after accepting the defendant’s plea, the trial court advised him that his sentence would be ten years, with the first two years to be without the benefit of parole, probation, or suspension of sentence. Sentencing was set for a later date. The trial court specifically told the defendant, “If you don’t show up, or if you show up late, then, I can sentence you as freely |inas I want, okay?” The trial court expressly stated that the defendant’s sentence would not be ten years with a boot camp recommendation, but rather “[i]t will be more like, what you are looking at, without a bill, you’re looking at 65 years. The State can multiple bill you, which would increase that substantially.” The defendant stated that he understood. The State also clarified that its agreement not to file a multiple bill against the defendant was conditioned on the defendant’s appearance for sentencing. Id., 39 So.3d at 707-08.
Despite the trial court’s warning, the defendant failed to appear for sentencing on the scheduled date. When the defendant subsequently appeared, the trial court sentenced him to 30 years imprisonment, with the first 2 years to be without the benefit of parole, probation or suspension of sentence. The trial court explained that the sentence was based on a review of the defendant’s criminal history and “the menace of this case,” in that the defendant had failed to report. Id., 39 So.3d at 708.
On appeal, this Court found that the defendant’s sentence was imposed in conformity with a plea agreement that was set forth in the record at the time of the plea, noting that the defendant had been warned by the trial court that if he failed to appear, he would not receive the 10-year sentence with a boot camp recommendation, but rather would face a possible maximum sentence. Defendant failed to appear for sentencing, and as a result, he received the maximum 30-year sen *145 tence. This Court found that the defendant was clearly informed of the two possible sentences when he entered his plea. Id., 39 So.3d at 709.
In the present case, as part of the plea agreement, defendant was to receive a 15-year prison sentence as a second felony offender. In the plea colloquy on August 23, 2010, the trial judge asked defendant if he understood the nature of the charges and whether he had had the opportunity to review the waiver of | n constitutional rights form. The trial judge then advised defendant of his Boykin rights, and defendant stated that he understood that he was waiving those rights. The trial judge then informed defendant that he would be sentenced to 15 years in the Department of Corrections as a second felony offender. Sentencing was scheduled for September 22. The judge stated, “if you do not return to this court on September 22 at nine o’clock for formal sentencing, ... this deal will be off the table and [the State] will be filing a multiple bill against you that will allege that you are a fourth offender which would subject you to 50 years to life in prison. Is that your understanding, sir?” (Emphasis added.) Defendant responded, “Yes, sir.” The judge then asked defendant if he had been forced, threatened or coerced into entering these pleas of guilty. Defendant responded, “[n]o.” Defendant was instructed to report immediately to the home incarceration office. The prosecutor then stated, “Judge, just for the record, as I said earlier, also, if he violates any of those terms of home incarceration as well, he could be sentenced to 50 to life. I just want to make sure he understands.” The trial judge then stated, “You understand that, Mr. Ellison?” Defendant responded, “Yes, sir. Yes, ma’am.”
Defendant, the defense attorney, and the trial judge also signed an acknowledgement and waiver of constitutional rights-guilty plea form, in which the terms of the plea agreement were memorialized. The form stated:
I understand that my sentence in this case will be: 15 years (sic) Department of Corrections as a double bill offender. I will surrender myself at 9 a.m. on September 22, 2010. I understand that until that date I will be monitored on home incarceration. If I violate home incarceration or fail to turn myself in then the plea deal which I have entered will be void and I will face sentencing of 50 years to life as a quadruple offender.
Defendant failed to appear for sentencing on September 22, 2010. Thereafter, on September 28, 2010, defendant filed a motion to withdraw his guilty | ^pleas. Defendant argued that his infant daughter had undergone surgery and had just been released from the hospital. In response, the trial judge stated:
Counsel, I have no idea what the fact that his daughter was hospitalized had to do with anything with regard to him tendering a plea of guilty. The Court believed that he made a knowing, intelligent, free and voluntary act of tendering that plea of guilty. I know what the problem is now for Mr. Ellison. Mr. Ellison was told that he was to come back to this court and he was supposed to report to home incarceration. That’s not a basis in this Court’s mind for withdrawal of his guilty plea in either of these matters, so the Court is going to deny your motions and the court will note your objections to my ruling on these matters.
The trial judge then sentenced defendant to 30 years imprisonment on Count 1, the first 5 years of which to be served without the benefit of probation, parole or suspension of sentence, and to 20 years imprisonment on Count 2, the first 2 years of which to be served without the benefit *146 of probation, parole or suspension of sentence. The sentences were imposed to run consecutively. On that same date, the State filed a multiple offender bill of information against defendant, which was subsequently withdrawn.
In State v. Lewis, 421 So.2d 224 (La.1982), the Louisiana Supreme Court held that a trial court may permit the withdrawal of a guilty plea after sentencing if the court finds that the guilty plea was not entered freely and voluntarily, or if there was an inadequate colloquy advising the defendant of the rights he was waiving by pleading guilty and therefore was constitutionally infirm. Courts have noted that there is “no absolute right to withdraw a previously entered plea of guilty.” State v. Pichon, 96-0886 (La.App. 4 Cir. 11/20/96), 684 So.2d 501, 502. The withdrawal of a guilty plea is within the discretion of the trial court and is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569, 571 (La.1981).
11sFor a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In reviewing whether the trial court abused its discretion in denying a defendant’s motion to withdraw his plea, courts have looked to the guilty plea colloquy to determine whether the defendant was advised of the consequences of his plea and whether he voluntarily and intelligently waived his rights. State v. Young, 11-0046 (La.App. 4 Cir. 8/17/11), 71 So.3d 565, 571.
Here the plea colloquy shows that defendant was clearly informed of his rights, understood those rights, and knowingly waived those rights. Thus, the trial court did not abuse its discretion in denying defendant’s motion to withdraw his guilty pleas. However, the transcript indicates that defendant was informed that his failure to report on the assigned date for sentencing and his failure to comply with the terms of home incarceration would result in the State filing a multiple offender bill of information against him alleging him to be a fourth felony offender, and that he could be sentenced to 50 years or more as a result of the multiple bill.
Similar to the defendants in Stewart and Roche, defendant in the present case was advised during the plea colloquy that his failure to appear for sentencing would result in a more severe sentence. However, unlike the defendants in Stewart and Roche, defendant in this case was not sentenced in accordance with the warning that he was given for failing to appear for sentencing. Although the transcript indicates that defendant was informed that he could receive a 50-year sentence if he failed to appear for sentencing, he was informed that the possible 50-year sentence would be the result of the State’s filing a multiple offender bill of | ^information against him alleging him to be a fourth felony offender. While the record indicates that the State did file such a multiple bill, the bill was later withdrawn and defendant was not sentenced as a result of the multiple bill.
For the foregoing reasons, we find that the trial court did not err in denying defendant’s motion to withdraw his guilty pleas; however, the trial court erred in failing to sentence defendant in conformity with the plea agreement. Accordingly, the sentences imposed on defendant are hereby vacated and the matter is remanded for proceedings consistent with this opinion.

ASSIGNMENT OF ERROR NO. TWO

This above finding in defendant’s first assignment of error pretermits a discus *147 sion of defendant’s second assignment of error regarding the imposition of consecutive sentences.

ASSIGNMENT OF ERROR NO. THREE

In this assignment of error, defendant argues that the trial judge erred by denying his motion to quash the bill of information. He contends that the State did not bring him to trial within the two-year prescriptive period set forth in La. C.Cr.P. art. 578(A)(2) and that the time period was not interrupted under La. C.Cr.P. art. 579(A)(3) since he did not have actual notice of the trial date.
The State responds that defendant previously filed a writ application with this Court regarding the trial judge’s denial of the motion to quash and that this Court denied the writ, finding that defendant had actual notice of his trial date and failed to appear, and therefore, the trial judge properly denied the motion to quash. The State asserts that defendant has faded to demonstrate a basis for reconsideration of this issue.
It is well settled that a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584, 586 (La.1976). However, a defendant may be allowed appellate review if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Reed, 10-527 (La.App. 5 Cir. 2/15/11), 61 So.3d 74, 77, writ denied, 11-509 (La.9/30/11), 71 So.3d 280.
In the instant case, the record does not reflect that defendant tendered his guilty pleas pursuant to Crosby, or that he reserved his right to appeal any pre-trial rulings under Crosby when he pled guilty. Accordingly, defendant waived his right to appellate review of the denial of his motion to quash. State v. Turner, 10-995 (La.App. 5 Cir. 9/27/11), 75 So.3d 491, 493, writ denied, 11-2379 (La.4/27/12), 86 So.3d 625.
This assignment of error is without merit.

ERRORS PATENT REVIEW AND DISCUSSION

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals several errors patent.

Lack of Arraignment

The record does not reflect that defendant was arraigned on the original charges. La.C.Cr.P. art. 555 provides that any irregularity in the arraignment is waived if the defendant pleads to the indictment without objecting thereto. It further provides that a failure to arraign the defendant or the fact that he did not plead is waived if the defendant enters upon the trial 'without objecting thereto, and it shall be considered as if he had pleaded not guilty. In the instant case, we find that the failure to arraign defendant on the original charges represented an irregularity that was waived upon defendant’s entry of guilty pleas without objection. See State v. Clofer, 11-494 (La.App. 5 Cir. 11/29/11), 80 So.3d 639, 643. Thus, no corrective action is necessary.

_yVo Post-Conviction Relief Advisal

The transcript does not reflect that the trial judge advised defendant of the two-year prescriptive period for filing an application for post-conviction relief under La.C.Cr.P. art. 930.8. However, the commitment reflects that defendant was properly advised of this time period. The transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). However since we *148 have vacated defendant’s sentences, upon resentencing on remand, the trial court is ordered to advise defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 or 922.

Commitment/Transcript Inconsistency

The minute entry dated August 23, 2010 and the commitment dated September 28, 2010 indicate that defendant was found guilty by a judge on Counts 1 and 2. However, the transcript shows that defendant pled guilty to Counts 1 and 2. The transcript prevails. Lynch, supra. Accordingly, on remand the trial court is ordered to correct the minute entry and defendant’s commitment to conform to the transcript to reflect that defendant pled guilty to Counts 1 and 2. See State v. Major, 09-370 (La.App. 5 Cir. 11/24/09), 26 So.3d 289, 296, writ denied, 09-2802 (La.6/18/10), 38 So.3d 320.

Motion to Reconsider Sentence/No Ruling

Defendant was sentenced on September 28, 2010 and filed a motion to reconsider sentence on October 29, 2010. Under La. C.Cr.P. art. 881.1, the motion was untimely since it was filed more than 30 days after sentencing, and the trial judge did not set a longer period of time for the filing of the motion.
[ ^Nevertheless, the motion was set for a hearing on December 15, 2010. On that date, defendant’s attorney waived defendant’s presence, and the hearing on the motion was ordered continued and re-set for January 19, 2011, at the request of defendant’s attorney. On January 19, 2011, defendant’s attorney waived defendant’s presence, and the hearing on the motion was ordered continued and re-set for February 2, 2011, again at the request of the defense attorney. On February 2, 2011, defendant and his attorney were not present, and the hearing on the motion was ordered continued and re-set for March 23, 2011, again at the request of the defense attorney. On March 23, 2011, defendant and his attorney were not present, and the hearing on the motion was ordered continued without date.
The record does not reflect that the motion to reconsider sentence was ever ruled upon. La.C.Cr.P. art. 916 provides that the jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence. La. C.Cr.P. art. 916(3). [Emphasis added.] (See also State v. Tillman, 94-1093 (La.App. 4 Cir. 6/8/94), 638 So.2d 475, 476, where the Fourth Circuit found that the trial court had no authority to reconsider the defendant’s sentence, since the defendant’s motion to reconsider sentence was not timely filed under La.C.Cr.P. art. 881.1A(1), and no longer period to file the motion was set by the trial court.) In the instant case, we find that it is unnecessary to remand this matter for a ruling on the motion to reconsider sentence, since the trial court has no jurisdiction to take any action, as defendant did not properly file his motion to reconsider sentence in a timely fashion. Further, since we have herein vacated defendant’s sentences, this issue is now moot.

^CONCLUSION

For the foregoing reasons, defendant’s convictions are affirmed. The sentences *149 imposed on defendant are vacated. This matter is remanded to the trial court for proceedings consistent with this opinion. On remand, the trial court is ordered to correct the minute entry and defendant’s commitment to conform with the transcript as noted above and to provide defendant with the required post-conviction relief ad-visal.

CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED

. Defendant also pled guilty in case No. 07-6290 to the misdemeanor offense of possession of marijuana, first offense. The record does not indicate that defendant seeks review of that conviction.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).