858 So.2d 16 (2003)
STATE of Louisiana
v.
Rueval DIXON.
No. 03-KA-382.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 2003.
*17 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alan D. Alario, Assistant District Attorneys, Gretna, LA, for the State of Louisiana, Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Rueval Dixon, Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD and EMILE R. ST. PIERRE, Pro Tempore.
WALTER J. ROTHSCHILD, Judge.
On January 11, 2000, the Jefferson Parish District Attorney filed a bill of information charging defendant, Rueval Dixon, with possession of stolen things valued at over $500 in violation of LSA-R.S. 14:69, which allegedly occurred on or about January 2, 2000. Defendant was arraigned on January 14, 2000 and pled not guilty.
On February 2, 2000, defendant filed a motion to appoint sanity commission to determine competency to stand trial. On April 27, 2000, the trial court found defendant incompetent to stand trial. Defendant filed another motion to appoint sanity commission to determine competency to stand trial on May 17, 2001. On June 28, 2001, the trial court found defendant competent to stand trial.
On September 25, 2001, defendant withdrew his guilty plea and entered a plea of guilty. The trial court sentenced defendant to imprisonment at hard labor for ten years. Defendant initialed and signed a plea of guilty form. On September 27, 2001, the State filed a multiple offender bill of information alleging defendant to be a second felony offender. On that same date, defendant admitted the allegations of the multiple bill. Defendant also initialed and signed a waiver of rights plea of *18 guilty form for multiple offenders. The trial court vacated the original sentence and sentenced defendant to imprisonment at hard labor for 20 years without benefit of probation or suspension of sentence.
On September 19, 2002, defendant filed an application for post-conviction relief claiming that his guilty plea was invalid. Additionally, he claimed that he received ineffective assistance of counsel because his attorney did not file a motion for reconsideration of sentence or an appeal following his multiple offender sentence. On October 25, 2002, defendant filed an application for writ of habeas corpus and requested an evidentiary hearing seeking his right to a first appeal. On November 4, 2002, the trial court ruled on these motions. It denied defendant's motion to set aside the guilty plea, granted defendant's motion for out-of-time appeal, and denied defendant's application for writ of habeas corpus as moot.
FACTS
Because defendant pled guilty, there are no facts in the record other than those contained in the bill of information, which alleges that, on or about January 2, 2000, defendant knowingly possessed stolen things, to wit: a 1996 Dodge Neon, valued at over $500, belonging to Mary Mailhes. Additionally, the Jefferson Parish Sheriff's Office Arrest Report and Probable Cause Affidavit indicates that defendant was charged with possession of a stolen vehicle, and that the offense occurred on January 2, 2000 at Transcontinental Drive and Soldier Street. The report further provides as follows:
Subject was found in possession of a stolen vehicle at above location. Subject was arrested and transported to Eastbank lockup and booked. Vehicle was verified stolen through NCIC operation IJO.
DISCUSSION
Defendant argues that his 20-year enhanced sentence was constitutionally excessive. He claims that his plea was based upon the trial court's advice that, based upon his prior record, with convictions for distribution of cocaine and aggravated battery, he was at risk for a mandatory life sentence as a third felony offender. Defendant admits that, as a third felony offender, he would have been subject to life imprisonment under the multiple offender statute as it existed at the time of the commission of the present offense. LSA-R.S. 15:529.1(A)(1)(b)(i), (ii).
However, he submits that he should have been sentenced under the amended version of the multiple offender statute as it existed at the time he was sentenced (which would have given him a sentencing range of between six and two-thirds years and 20 years) even though he acknowledges that the jurisprudence clearly holds that the amended version of the multiple offender statute only applies to crimes committed after the effective date of the amendment, June 15, 2001.
Defendant argues that, at the very least, the change in the law was a significant factor that should have been considered by the court as a basis for a Dorthey[1] departure from the life imprisonment sentence. Defendant claims that the trial court erred in not acknowledging that a lesser sentence than life would have been appropriate, and that error caused defendant to misapprehend the gravity of the situation confronting him, undermining the validity of his decision to plead guilty to the multiple bill. He contends that life imprisonment for possession of a stolen automobile *19 would have been outrageous, and that defendant did not receive a break by being sentenced to 20 years. Defendant also argues that it was error for him to receive a flat 20-year sentence for a non-violent possessory property crime.
On September 25, 2002, at the hearing pertaining to defendant's guilty plea to the crime of possession of stolen things, the following exchange occurred:
MR. BORDELON [The prosecutor]:
Yes, Your Honor; he'll be Multiple Billed as a Double Offender.
THE COURT:
Alright. What is Mr. Dixon's criminal history?
MR. BORDELON:
Mr. Dixon has an Aggravated Battery conviction from 1997; distribution of cocaine from 1997 and a possession of cocaine from 1999.
THE COURT:
And let me ask you; the two 1997 convictions, did they occur at the same time?
MR. BORDELON:
No, Your Honor; they're distinct.
THE COURT:
So he's quad-billed, but it's a
MR. BORDELON:
He's a Triple-Bill.
THE COURT:
Because they don't all hook up.
MR. BORDELON:
That's correct.
THE COURT:
Mr. Dixon, I just asked the District Attorney to read to me your criminal history. And this tells me that you have three prior convictions. One of those convictions is for distribution of drugs, and one of those convictions is for Aggravated Battery. The Aggravated Battery is what we call in Louisiana, a "crime of violence". Based upon those two prior convictions, you are today at risk for a sentence as a Habitual Offender, of mandatory life imprisonment; without benefit of probation, parole or suspension of sentence. That's what your risk is. Do you understand that?
And Mr. Dixon's sister; do you understand that?
MS. DIXON:
Yes.
THE COURT:
And did you have the opportunity to discuss that with your brother?
MS. DIXON:
Yes, ma'am.
THE COURT:
Okay. It's my understanding that today however, the State is going to file a Double-Bill against you, alleging that you have one prior conviction; and because of that, my sentence will be ten years at hard labor, with credit for time served on the underlying offense. After the State files its Multiple Bill, then your sentence will becomeI will issue a new sentence, which will be twenty years at hard labor, without benefit of probation or suspension of sentence. Do you understand that?
THE DEFENDANT:
Yes, ma'am.
THE COURT:
So in the end your sentence is going to be twenty years; do you understand that?
THE DEFENDANT:
Yes, ma'am.
THE COURT:
Okay. Do you have any other questions for me, Mr. Dixon?
THE DEFENDANT:

*20 No. But I can give you a hug and say thank you.
THE COURT:
Well Mr. Dixon, that's very nice of you; people don't say that very often. It is better than life; you're right about that; significantly better than life imprisonment.
You're twenty-five; you will spend a good portion of your life outside the prison system; that's true. It will be a long time, but then you will get out; that's very true ...
Defendant was convicted of possession of stolen things valued at over $500, a violation of LSA-R.S. 14:69. Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both. LSA-R.S. 14:69B(1).
The State filed a multiple offender bill alleging defendant to be a second felony offender.
LSA-R.S. 15:529.1(A)(1)(a) provides:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction[.]
The above-cited statutes contained the same provisions at the time defendant committed the underlying offense (January 2, 2000), at the time he was sentenced as a multiple offender (September 27, 2001), and at the present time; they were not amended during this time period.
The requirements for a valid or legal habitual offender finding are found in LSA-R.S. 15:529.1(D)(1)(a) which provides in pertinent part:
Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.
The Louisiana Supreme Court recognized in State v. Johnson, 432 So.2d 815, 817 (La. 1983) that LSA-R.S. 15:529.1(D) implicitly requires the trial court to advise the defendant of his right to remain silent. See also, State v. Monroe, 00-1354 (La. App. 5 Cir. 3/28/01), 784 So.2d 29, 43, writ denied, 01-1280 (La.5/8/02), 815 So.2d 828.
The record reflects that the trial court advised defendant of the allegations contained in the bill of information, the right to be tried as to the truth thereof, and the right to remain silent, and that defendant understood these rights. Therefore, we find that there was a valid admission to the multiple bill.
It is noted that the State filed a multiple bill alleging defendant to be a second felony offender, not a third felony offender, and defendant admitted to being a second felony offender and was sentenced as such. However, defendant argues that he was misled into believing that he was a third felony offender facing life imprisonment if he did not admit the allegations of the multiple bill. Since the State alleged defendant to be a second felony offender, defendant was exposed to a sentencing range of between five and 20 years. Although defendant had two prior felony convictions, he was not billed as a third felony offender and, therefore, he was not *21 facing a mandatory life imprisonment sentence.
There are no reported Louisiana cases in which a defendant argued on appeal that a trial judge's statements caused him to misapprehend his sentencing exposure, and that that misapprehension invalidated the multiple offender finding.
In State v. Bouie, 00-2934 (La.5/14/02), 817 So.2d 48, defendant consistently indicated he wanted to go to trial. However, the trial judge indicated to defendant several times that, if he went to trial, a jury would most likely find him guilty as charged and that he would be sentenced up to 100 years as a second felony offender, instead of the 25 years the trial judge was offering. State v. Bouie, 817 So.2d at 49. Eventually, defendant capitulated and pled guilty because the trial judge persuaded him that there was no reasonable alternative to pleading guilty. Defendant moved to withdraw his guilty plea after the State filed the multiple bill but before sentencing. The trial judge denied the motion. Id. at 53.
The Louisiana Supreme Court found that the interjection of the trial judge's personal knowledge and opinion in the plea discussions under the circumstances of this case did, or probably did, have a coercive effect on defendant's decision that a guilty plea was in his best interest. State v. Bouie, 817 So.2d at 54-55. The supreme court concluded that defendant's guilty plea under these circumstances was not knowingly and voluntarily entered and that defendant should have been permitted to withdraw his guilty plea. Id. at 56.
In the instant case, however, the trial judge did not interject her personal knowledge or opinion regarding the plea discussions. Rather, she informed defendant correctly of his sentencing exposure in that he was facing a life imprisonment sentence if the defendant was triple-billed. The colloquy also indicates that the trial court informed defendant that the State was going to file only a double-bill, and that she planned to sentence defendant under these circumstances to an enhanced sentence of twenty years. Unlike the factual situation in Bouie, the trial court in this case did not inform defendant that he would receive a life sentence if he did not enter the guilty plea. Rather, the defendant stated that he understood that he would receive a twenty year sentence based on the filing of a double bill.
Under these circumstances, we find that there was a valid admission to the multiple bill since the trial judge was merely advising defendant of his sentencing exposure in the event the State elected to file a triple bill. It is unclear from the record the reason for the filing of a double bill. However, the transcript of the colloquy clearly shows that defendant was aware that he would receive a 20 year sentence based on the filing of a double bill. We fail to find that the trial court erred in denying defendant's motion to withdraw his guilty plea.
With respect to the excessiveness issue, the trial judge sentenced defendant to 20 years of imprisonment as a second felony offender, the maximum sentence allowed, which defendant claims is excessive.
LSA-C.Cr.P. art. 881.2(A)(2) provides that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This provision applies both to agreed sentences and to agreed sentence ceilings or "caps." State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, 1174.
In the instant case, when the defendant withdrew his previous plea of not guilty and entered a plea of guilty as charged to the underlying offense, he signed and initialed *22 a "waiver of constitutional rights and plea of guilty" form in conjunction with the plea. The form provides in pertinent part: "Have you been advised by your counsel that in the event the Court accepts your plea of guilty, that you will be sentenced ad [sic] follows: 10 yrs HL, credit for time served (20 yrs HL on double bill). Is this your understanding of the plea agreement?" Defendant initialed the space next to this question. Furthermore, the colloquy between the trial judge and the defendant before the plea indicates with certainty that the defendant knew that his plea of guilty would result in a sentence of ten years of imprisonment at hard labor on the underlying felony, and 20 years of imprisonment at hard labor on the double bill.
When the defendant entered an admission to the double bill, he signed and initialed a "waiver of rightsplea of guilty multiple offenderLA R.S. 15:529.1" form in conjunction with the plea. The form provides in pertinent part: "I understand that the sentencing range as a multiple offender in this case is 5-20 years HL and that the sentence I will receive is '20 yrs HL, credit for time served, w/o benefit probation or suspension of sentence.'" Defendant initialed that sentence and signed the bottom of the form along with his attorney and the trial judge. Furthermore, the colloquy between the trial judge and the defendant prior to his admission to the multiple bill clearly shows that defendant knew that his admission to the double bill would result in a sentence of 20 years at hard labor without benefit of probation or suspension of sentence.
The record reveals that the defendant's sentence was imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Accordingly, the defendant is precluded from raising a claim of excessiveness of sentence on appeal. See, State v. Lee, 02-529 (La.App. 5 Cir. 10/29/02), 831 So.2d 395, 397.
The record was also reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
Accordingly, for the reasons stated, the conviction and sentence of defendant, Rueval Dixon, are affirmed.
AFFIRMED.
NOTES
[1] State v. Dorthey, 623 So.2d 1276 (La.1993).