958 So.2d 28 (2007)
STATE of Louisiana
v.
Dwayne CROSS.
No. 06-KA-866.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2007.
*29 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Thomas S. Block, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Holli A. Herrle-Castillo, Attorney at Law, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. MCMANUS, Judge.
The defendant, Dwayne Cross, pled guilty to distribution of cocaine, a violation of LSA-R.S. 40:967(A). As part of a stipulated plea agreement, the trial judge sentenced the defendant to five years at hard labor. The first two years of the defendant's sentence were ordered to be served without benefit of parole, probation, or suspension of sentence. The remaining three years of the defendant's sentence were suspended, and the defendant was given active probation, with special conditions, after he served the two years. At the request of the defendant, the execution of the sentence was deferred until June 27, 2006, at which time the defendant was ordered to report to jail.
The defendant failed to report as ordered, and the State requested a contempt hearing. At the hearing, after the defendant stipulated to the contempt charge, the trial judge made the defendant's sentence executory. On the same day, the State exercised its right under the plea agreement (in light of the defendant's failure to report as ordered) to file a habitual offender bill alleging that the defendant was a second felony offender. The defendant admitted to the allegations in the multiple offender bill and acknowledged, in both the colloquy before the judge and in the "Waiver of Rights  Plea of Guilty Multiple Offender  LA R.S. 15:529.1" that he was subject to a sentencing range of fifteen to sixty years at hard labor, and that his sentence would be twenty years hard labor without benefit of probation or suspension of sentence. Thereafter, the trial judge found the defendant to be a second felony offender. The previous sentence was vacated, and the trial judge sentenced the defendant to twenty years at hard labor. The first two years of the defendant's sentence were ordered to be served without benefit of parole, probation, or suspension of sentence, and the remaining eighteen years to be served without benefit of probation or suspension of sentence. The defendant now appeals.
During the plea colloquy, the defendant acknowledged that he was pleading guilty to one count of distribution of Cocaine occurring January, 5, 2005. The State informed the court that the defendant distributed one rock of cocaine to an undercover officer in exchange for twenty dollars.
In this appeal, the defendant alleges that the sentence imposed is excessive. The defendant argues that the trial court failed to consider the criteria in LSC.Cr.P. art. 894.1 and any mitigating circumstances, and to state a factual basis for the sentence imposed. In addition, the defendant raises a Dorthey[1] claim alleging that the imposition of a twenty-year sentence under the habitual offender statute was a punitive measure for his failure to *30 appear as ordered to start serving his sentence and, thus, is excessive punishment resulting in the needless imposition of pain and suffering. The defendant also claims that the sentence he received was disproportionate to the crime he committed and his status as a second felony offender.
The State relies on State v. Stewart, 03-976 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271, in arguing that the defendant is precluded from appealing his sentence as excessive, because his sentence was imposed in conformity with his plea agreement. Additionally, the State argues that the defendant's sentence is not excessive, because it falls within the statutory range of fifteen to sixty years. The State claims that the defendant did not receive the imposed sentence as a punitive measure; rather, it was imposed because of the defendant's violent history involving children.
LSA-C.Cr.P. art. 881.2(A)(2) states "[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Therefore, a defendant is precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement. State v. Jones, 05-840, p. 14 (La.App. 5 Cir. 3/28/06), 927 So.2d 514, 528. This prohibition includes sentences imposed pursuant to plea agreements setting specific sentences, as well as plea agreements with sentencing caps. State v. Bolton, 02-1034, p. 7 (La.App. 5 Cir. 3/11/03), 844 So.2d 135, 142, writ denied, 03-1159 (La.11/14/03), 858 So.2d 417. This Court has also applied this provision to cases in which a defendant admits to the allegations in a habitual offender bill, as part of a sentencing agreement. Id. The defendant is precluded from raising a claim of excessiveness on appeal when his sentence was imposed in conformity with a sentencing agreement, which is set forth in the record at the time that he admitted to the allegations in a multiple bill. State v. Stewart, supra; State v. Dixon, 03-382, (La.App. 5 Cir. 9/16/03), 858 So.2d 16, writ denied, 04-1567 (La.4/22/05), 899 So.2d 566.
In the present case, the defendant argues that his sentence is excessive. For the first time on appeal, the defendant claims that the trial court failed to follow the sentencing guidelines in LSA-C.Cr.P. art. 894.1 including any mitigating circumstances. Also for the first time on appeal, the defendant raises a Dorthey claim alleging that the minimum sentence mandated by the Habitual Offender Law is excessive because it is grossly out of proportion to the severity of his crime.
Before the defendant's admission of guilt to the multiple offender bill was accepted, the defendant was informed during the colloquy with the trial judge and in the waiver of rights form that his sentence would be twenty years. In addition, the defendant signed and initialed the waiver of rights form in conjunction with the admission to the multiple bill. Also, the defendant initialed by the sentence he would receive and signed the bottom of the form along with his attorney and the trial judge. Since, the defendant's sentence was imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea, the defendant is precluded from raising a claim of excessiveness on appeal. State v. Stewart, supra; State v. Dixon, supra. Accordingly, we find no merit to defendant's allegation that his sentence is excessive.
Next, the defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P.art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 *31 Cir.1990) regardless of whether defendant makes such a request. The review reveals no errors patent in this case.
For the above discussed reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] State v. Dorthey, 623 So.2d 1276 (La.1993).