GRAVOIS, J.
| jDefendant, Ernest Billizone, Sr., appeals his convictions and sentences for possession of cocaine and possession of Gaba-pentin. For the reasons that follow, we affirm defendant’s convictions and sentences and remand the matter for correction of the commitment as noted herein.
PROCEDURAL HISTORY
On July 1, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with one count of possession of cocaine, in violation of La. R.S. 40:967(C), and one count of possession of a legend drug, Gabapentin, without a prescription, in violation of La. R.S. 40:1238.1. Defendant appeared in proper person and pled not guilty to both counts at his arraignment on July 6, 2015. On July 26, 2015, defendant filed a motion to suppress evidence, which was denied after a hearing on September 3, 2015.[1]
On September 25, 2015, defendant, in proper person, with the assistance of a legal advisor, withdrew his previous pleas of not guilty and pled guilty to both counts, with his guilty plea to count two being made pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[2] The trial court then sentenced defendant to forty months imprisonment at hard labor on each count, to run concurrently with each other. Immediately after sentencing, the State filed a habitual offender bill of information on count one, alleging that defendant was a triple felony offender, to which defendant stipulated. On that same date, the trial court vacated the original sentence on count one and resen-tenced defendant under the habitual offender statute to forty months imprisonment at hard labor, without the benefit of probation or suspension of sentence, to run concurrently with his sentence on count two. Subsequently, on February 1, 2016, defendant filed an | ¡¡.application for post-conviction relief seeking an out-of-time appeal, which was granted by the trial court on February 26, 2016. Defendant is self-represented on appeal.[3] Defendant’s appeal follows.[4]
*363 FACTS
Because defendant pled guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the bill of information and further provided a factual basis during the guilty plea colloquy that on June 5, 2015, defendant violated La. R.S. 40:967(C) by knowingly and intentionally possessing cocaine, and violated La. R.S. 40:1238.1 by knowingly and intentionally possessing the legend drug, Gabapentin, without a prescription.
ASSIGNMENTS OF ERROR NUMBERS ONE, FIVE AND SIX[5]

Illegally Enhanced Sentence

In these assignments of error, defendant first argues that his sentence was illegally enhanced because he was subjected to “double enhancement.” He alleges that the habitual offender bill of information used his felon in possession of a firearm conviction, as well as the predicate felony conviction on which it was based, in alleging him to be a third felony offender. Defendant also argues that the trial court violated the ex post facto clause of the United States Constitution because he was sentenced under the habitual offender statute.[6] He claims that the | ¡¡habitual offender statute increases the punishment previously prescribed for his underlying offense, which he concludes violates the ex post facto clause. Defendant further argues that he was subjected to double jeopardy by his sentencing under the habitual offender statute. He avers that he already “paid the full penalty” of incarceration on his previous conviction that was used to enhance his sentence. As such, he contends that his enhanced sentence should be vacated and his original sentence should be reinstated, and that further habitual offender proceedings, if any, must be based on a proper habitual offender bill of information.
An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing. See State v. Spellman, 13-908 (La.App. 5 Cir. 4/9/14), 140 So.3d 751, 753-54, writ denied, 14-1315 (La. 2/6/15), 158 So.3d 815; State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
In the instant case, defendant stipulated to the habitual offender bill of information, which alleged that he was a third felony offender. Defendant indicated that he had reviewed the habitual offender bill *364 of information with his legal advisor. During the colloquy and through the habitual offender waiver of rights form, defendant was informed that by stipulating to the allegations of the habitual offender bill of information, he waived his right to a hearing, where the district attorney would have to prove that he was the same individual who had a prior felony record and that the time period between the completion of the sentence for the listed prior felony and the date of the underlying crime was ten years or less. Defendant indicated that he had not been forced, threatened, or coerced into ^stipulating to the habitual offender bill of information. By stipulating to the habitual offender bill of information, defendant waived his right to a hearing and any possible non-jurisdictional defects. We thus find that defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the habitual offender bill hearing.
On October 7, 2015, defendant filed an “Appeal Motion Requesting District Attorney to Prove Convictions Used to Enhance Sentence are Valid Convictions for Purpose of Multibill [sic] Statute 15:529.1.” In this motion, defendant argued, inter alia, that the habitual offender statute violated the double jeopardy clause because “the convictions which are a direct part and component of that prior sentence which has been satisfied by one punishment cannot be used again to punish for a new sentence.” This motion was denied as moot by the trial court on October 26, 2015. The trial court reasoned that the motion was dated September 22, 2015, that defendant had since “pled guilty to the multiple bill,” and that since a guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the plea, defendant was not entitled to relief. Defendant did not specifically request a supervisory writ on this ruling.
Additionally, on April 27, 2016, defendant filed a “Motion to Vacate Unconstitutional Application of R.S. 15:529.1 and Reinstate Original Sentence via Habeas Corpus,” making nearly identical arguments as are set out in his appellate brief. Defendant alleged that his sentence was illegally enhanced due to “double enhancement,” and the trial court violated the ex post facto clause when it allowed his sentence to be enhanced. This motion was denied by the trial court on May 16, 2016, reasoning that it was divested of jurisdiction to rule on this issue because defendant’s motion for an out-of-time appeal had previously been granted on February 26, 2016. Defendant filed a supervisory writ application with this Court, not specifically challenging the trial court’s ruling or demonstrating how the trial |Rcourt erred in its denial of his motion to vacate, but raising similar arguments as were set forth in his motion to vacate. In a supplement to his writ application, defendant further pointed out that pursuant to La. C.Cr.P. art. 916(2) and (3), the trial court may take action in order to correct an error or deficiency in the trial court record or to correct an illegal sentence. This Court found that defendant failed to point to any error or deficiency to be corrected in the trial court record, or to an illegal term of his enhanced sentence, and concluded that the trial court did not err in finding that it was divested of jurisdiction and had no authority to act on defendant’s motion to vacate.[7]
In so far as defendant argues on appeal that the habitual offender statute violates double jeopardy and ex post facto laws, we find that these arguments lack merit. In State v. Woods, 09-399 (La.App. *365 5 Cir. 3/9/10), 38 So.3d 391, 413, writ denied, 01-784 (La. 10/29/10), 48 So.3d 1096, the defendant similarly argued that he was placed in double jeopardy when he was sentenced as a habitual offender because he was punished for a second time for the same crimes. This Court found no merit to the defendant’s claim because a habitual offender hearing is not a trial, and therefore, legal principles such as res judicata, double jeopardy and the right to a jury trial do not apply. Id.
Further, the focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. However, this Court has noted that the Louisiana Supreme Court has recognized that a habitual offender proceeding does not charge a new crime, but is merely a method of increasing the punishment of subsequent offenders. State v. Smith, 00-1935 (La.App. 5 Cir. 5/30/01), 794 So.2d 41, 43, writ denied, 01-1921 (La. 6/7/02), 817 So.2d 1145. Moreover, the enhancement of the penalty for habitual offenders convicted of a new felony only addresses itself to the sentencing powers 1 fiof the trial judge after conviction and has no functional relationship to the innocence or guilt of the instant crime. Id. We thus find no merit to defendant’s claims that the application of the habitual offender statute to his case violates double jeopardy and ex post facto laws.
For the foregoing reasons, these assignments of error are without merit.
ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, AND SEVEN[8]

Excessive Enhanced Sentence

In these assignments of error, defendant argues that his sentences were excessive because the trial judge sentenced him to imprisonment instead of to a treatment center, which he alleges is cruel and unusual punishment. He contends that because the crimes of which he was convicted were non-violent, he should have been sentenced to a drug rehabilitation program. He further argues that the habitual offender statute is supposed to be reserved for violent offenders, and since he, a non-violent drug offender, was sentenced pursuant to its provisions, his sentence should be vacated. Defendant further argues that the habitual offender statute violates the Equal Protection Clause as he was treated differently than other offenders who violated La. R.S. 40:967(C) because he and other offenders are sentenced differently for violating the same crime.
La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. This Court has also applied this provision to cases in which a defendant admits to the allegations in a habitual offender bill of information, as |7part of a sentencing agreement. State v. Cross, 06-866 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30. The defen *366 dant is precluded from raising a claim of excessiveness on appeal when his sentence was imposed in conformity with a sentencing agreement, which is set forth in the record at the time that he admitted to the allegations in a habitual offender bill of information. State v. Dixon, 03-382 (La. App. 5 Cir. 9/16/03), 858 So.2d 16, unit denied, 04-1567 (La. 4/22/05), 899 So.2d 566. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, which precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
In this case, defendant pled guilty to both counts, with his guilty plea to count two being pursuant to North Carolina v. Alford, supra, and his underlying sentences were imposed pursuant to a plea agreement. Further, defendant stipulated to the habitual offender bill of information, and his enhanced sentence was imposed pursuant to his plea agreement. Accordingly, we find that because both defendant’s original and enhanced sentences were imposed pursuant to a plea agreement, appellate review of his original and enhanced sentences is precluded.
Nonetheless, defendant argues that his sentence was excessive because he was sentenced to imprisonment instead of to a drug treatment center. When sentenced, the trial court recommended defendant for any and all self-help programs available through the Department of Corrections, including the Steven Hoyle Drug Treatment Program. Although the trial judge may recommend rehabilitative treatment to a defendant—and is encouraged to do so in certain cases—the trial court has no authority to dictate how a defendant’s sentence is to be served once he is in the custody of the Department of Corrections. State v. Goff, 13-866 (La. App. 5 Cir. 4/09/14), 140 So.3d 146, 152, writ denied, 14-1018 (La. 12/8/14), 153 So.3d 440. Accordingly, we find that the trial court did not err in “sentencing [defendant] to imprisonment instead of [to] a drug treatment center.”
Additionally, on June 2, 2016, defendant filed a “Motion to Correct Illegal Sentence Where the Term Restricts and Is Not in Compliance with the Law/Motion to Orally Argue Cause of Action,” wherein he argued, inter alia, that his sentence was illegally imposed as it denied defendant equal protection as “other offenders whom [sic] committed the same crime of possession, and have ten prior misdemeanor theft convictions will receive a totally different sentence for the exact same crime,” On June 22, 2016, this motion was denied by the trial court, which reasoned that defendant’s claims were not cognizable in a motion to correct an illegal sentence. On July 14, 2016, defendant filed a “Motion by Letter re: Notice of Intent to Appeal” regarding this denial. The trial court construed the motion as a notice of intent to seek a writ application; however, defendant did not actually file a writ application with this Court regarding the June 22, 2016 denial of his motion to correct an illegal sentence.[9]
Upon review, we find that defendant’s argument that the habitual offender statute violates the Equal Protec *367 tion Clause[10] as applied to him is without merit. The Equal Protection Clause only dictates that all defendants be afforded the same sentencing considerations and does not compel any particular result. Results are measured only against the requirement that sentences not be excessive. State v. Day, 414 So.2d 349, 352 (La. 1982). Notably, defendant pled guilty in this case and was sentenced in conformity with his plea agreement. Nevertheless, defendant’s enhanced sentence of forty months or three years and four months falls well within the statutory limits. As a third felony offender, the sentencing range lsdefendant faced was two and one-half to ten years. See La. R.S. 40:967(C); La. R.S. 15:529.1.
For the foregoing reasons, these assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER FOUR[11]

Excessive bail pending appeal

In this assignment of error, defendant argues that the trial court, during pretrial proceedings, subjected defendant to an unconstitutionally excessive bond. He also alleges that his motion for bond reduction should not have been denied because if the trial court had correctly considered the factors under La. C.Cr.P. art. 334, he would have been released. He contends that he should have been released pending his appeal and that the trial judge abused her discretion by failing to give specific reasons for the denial. Defendant’s argument focuses on the denial of the reduction of his bond pending appeal.
Subsequent to his guilty plea and sentencing, on January 4, 2016, defendant filed “Indigent Petitioner’s Motion Seeking Consideration of (R.O.R.) Release Pending Appeal,” which was denied on January 14, 2016, because at the time of filing, defendant did not have an appeal pending. On April 27, 2016, defendant filed a “Petition Requesting Appeal Bond;” the trial court set the appeal bond at $10,000 for each count. On June 23, 2016, defendant filed a “Motion to Reduce Bond to ROR Because of Excessiveness.” In its order denying the motion, the trial court stated it considered the factors in La. C.Cr.P. art. 334 and determined defendant was not entitled to a reduction in bond.
Following the denial of his motion to reduce bond, defendant sought a supervisory writ with this Court. However, this Court did not consider the writ | inapplication because defendant failed to attach a copy of the ruling on the motion to reduce bond. Nonetheless, this Court noted:
Bail after sentence but before final judgment is regulated by La. C.Cr.P. art. 332(C), which reads, in part, that “bail shall be allowed if a sentence of five years or less is actually imposed.” Here, relator was sentenced to 40 months in custody and, at his request, the trial judge set an “appeal bond” of $10,000 on each count. The denial of reduction in *368 bail pending appeal is within the discretion of the trial judge. State v. Strickland, 398 So.2d 1062, 1068 (La. 1981).
This Court concluded that “even if we were to consider this writ application, we would find no abuse in the trial judge’s discretion in refusing bond pending final judgment.”[12]
Although on appeal defendant contends the trial court erred by refusing to reduce his post-conviction bond pending appeal, the issue of whether or not the trial court has improperly refused bond reduction is neither properly nor timely raised on appeal. See State v. Insley, 04-1006 (La.App. 3 Cir. 2/2/05), 893 So.2d 209, 215. The correct procedure, rather, is to invoke the supervisory jurisdiction of this Court through La. C.Cr.P. art. 343. In State v. Gamberella, 633 So.2d 595 (La. App. 1 Cir. 1993), writ denied, 94-200 (La. 6/24/94), 640 So.2d 1341, the defendant appealed the trial court’s denial of his request for post-conviction bail pending his appeal. In affirming his conviction and sentence, the appellate court stated, “[a]s is evident from this case, once a conviction has been either affirmed or reversed on appeal, the issue of post-conviction bail pending appeal is moot.” Id. at 608. Although defendant did timely raise this issue in a supervisory writ application while his appeal was still pending, he did not attach a copy of the ruling, and this Court did not consider the writ application, but nevertheless noted that it would find no abuse in the trial judge’s discretion in refusing bail reduction pending final judgment. Now raised on appeal, we find that our decision in this appeal renders defendant’s claim moot. This assignment of error is without merit.
^ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Wetland, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review reveals that the commitment is inconsistent with the transcript. In the event of a conflict between the commitment and the transcript, the transcript controls. State v. Lynch, 441 So.2d 732, 734 (La. 1983). While the commitment reflects that defendant pled guilty to both counts pursuant to North Carolina v. Alford, supra, the transcript reveals that defendant only pled guilty pursuant to Alford on count two. We accordingly order the trial court to correct the error in the original commitment to insure an accurate record.[13]
CONCLUSION
For the foregoing reasons, we affirm defendant’s convictions and sentences. We further remand the matter for correction of the commitment as instructed above.
AFFIRMED; REMANDED FOR CORRECTION OF COMMITMENT

. In addition to this motion to suppress, defendant also filed numerous pro se pre-trial motions, which were also denied.

. In Alford, the Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understanding consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.” 400 U.S. at 37, 91 S.Ct. 160.

. Responding to defendant’s motion to this Court asking to represent himself on appeal, on June 28, 2016, this Court issued an order noting that the trial court had already granted defendant’s request to no longer be represented by the Louisiana Appellate Project; therefore, no action was required of this Court. See State v. Billizone, 16-KM-330 (La. App. 5 Cir. 6/28/16).

.While defendant’s appellate record contains many supervisory writ dispositions from this Court, it appears that none of them, except one of them, infra, is relevant to defendant’s assignments of error on appeal insofar as specifically assigning the denial of the motion as error. One assignment specifically argues that the trial court erred by denying his mo *363 tion to reduce bond. While raising on appeal nearly identical arguments as were raised in motions filed in the trial court, defendant does not assign the trial court’s denial of his motions as error, but argues the substance on appeal.

. Although defendant delineates seven separate assignments of error, his arguments are not separated as such in his appellate brief. Under this heading, we address the following assignments of error, to-wit:
1, Trial judge and district attorney misapplied R.S. 15:529.1. and subjected petitioner to double enhancement.
5. Trial court and district attorney used an unfinal conviction and sentence which is still under review in a court of law to enhance his sentence.
6. Trial court abused its discretion in failing to properly address or vacate petitioner’s illegal multiple offender sentence.

. The ex post facto clause is contained in Article 1, Section 9 of the United States Constitution, which provides, in pertinent part:
No ... ex post facto law shall be passed.
Generally, an ex post facto law is a law that retroactively changes the legal consequences (or status) of actions that were committed, or relationships that existed, before the enactment of the law.

. See State v. Billizone, 16-KH-328 (La. App. 5 Cir. 6/28/16) (unpublished writ disposition).

. Under this heading, we address the following assignments of error, to-wit:
2. Trial judge used the sentencing procedure to punish petitioner for his addiction to narcotics instead of sentencing him to Cenikor or similar drug treatment center, sent him to prison, [sic]
3. Trial judge imposed R.S. 15:529.1. [sic] on a non-violent drug offender.
7. Petitioner's sentence was excessive and disproportionate to the sentences handed down to others.

. In State v. Billizone, 16-KH-430 (La. App. 5 Cir. 8/11/16) (unpublished writ disposition), this Court declined to consider defendant’s writ application concerning "what appear[ed] to seek review of the trial court's July 13, 2016 denial of his Motion to Correct Illegal Sentence” because he did not attach a copy of the ruling. Nevertheless, this Court stated that while his appeal was pending on direct review, his request for collateral review was premature.

. The Equal Protection Clause is contained in the Fourteenth Amendment to the United States Constitution which provides, in pertinent part:
No State shall ... deny to any person within its jurisdiction the equal protection of the laws.

. Under this heading, we address the following assignment of error, to-wit:
4. Trial judge vindictively refused to release petitioner on an unsecured (R.O.R.) bond before or after conviction as per constitutional and statutory provisions mandate [sic], denying due process, equal protection, and imposing undue restraint of liberty and cruel and unusual punishment.

. See State v. Billizone, 16-KH-441 (La. App. 5 Cir. 8/8/16) (unpublished writ disposition).

. It is noted that the Uniform Commitment Order correctly reflects that defendant pled guilty pursuant to Alford on count two.