BROWN, C.J.
In 1992, defendant, Leo Franklin Looney, was convicted of second degree murder and sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Because defendant was a 15-year-old juvenile when he committed this offiense in 1989, in accordance with Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the trial court has now vacated Looney's sentence and resentenced him to life imprisonment at hard labor with the benefit of parole eligibility. We affirm.
FACTS
According to the facts as set forth in this Court's prior unpublished appellate opinion, on July 26, 1989, 15-year-old Leo Looney and his cousin, Kenneth Price, purchased a pistol to use in the robbery of a Cracker Barrel convenience store in Ouachita Parish. Price, followed by Looney, entered the store to make a small purchase. When the clerk opened the register, defendant pulled out the gun and demanded the money. Two eyewitnesses pulled into the parking lot and testified to the robbery in progress. Defendant heard *1145 the sound of the car engine, looked in that direction, and fired the pistol. The store clerk was killed. Following a trial, the jury found defendant guilty of second degree murder. On November 19, 1992, Looney was sentenced to life imprisonment at hard labor without the benefit of parole. This Court affirmed defendant's conviction and sentence in an unpublished opinion. Defendant filed several applications for post-conviction relief that were denied.
On October 29, 2012, defendant filed a pro se motion to correct an illegal sentence, arguing that his mandatory life without parole sentence was unconstitutional under Miller v. Alabama , supra , because he was 15 years old when the crime was committed. In Miller , the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. The trial court denied the motion to correct illegal sentence because Louisiana courts initially viewed Miller as a procedural change that did not apply retroactively.
After the United States Supreme Court held that Miller applied retroactively to cases on collateral review, such as the instant case, in Montgomery v. Louisiana , supra , defendant filed a pro se "Motion to Amend to Manslaughter." Defendant argued that, because his life sentence without parole had been ruled unconstitutional, he should be sentenced under the next responsive offense of manslaughter. Following a hearing on August 1, 2016, the trial court denied the motion, finding that the court did not have the authority to resentence defendant under the manslaughter statute. On June 22, 2016, defendant filed another pro se motion to correct illegal sentence. Defendant again argued that his conviction and sentence should be vacated as illegal, and that he should be convicted of the next responsive verdict, manslaughter.
On September 2, 2016, defendant's attorney filed a motion to reconsider sentence. Counsel noted that, since the denial of defendant's pro se "Motion to Amend to Manslaughter," another defendant had been resentenced to the sentence for manslaughter by a judge in a different section of the court. Counsel requested that the trial court reconsider resentencing defendant under the manslaughter statute. The motion to reconsider sentence was denied.
On February 16, 2017, the trial court vacated defendant's original sentence and imposed a new sentence of life imprisonment with the benefit of parole eligibility. In lengthy written reasons for the sentence, the trial court noted that it had ordered a pre-sentence investigation and conducted a sentencing hearing prior to resentencing defendant. The trial court found that defendant was not the "rare juvenile offender whose crime reflects irreparable corruption" deserving of a life sentence without the benefit of parole. The trial court reviewed the facts of the offense, defendant's criminal record, his prison records, and his social history. On March 9, 2017, defendant Looney filed a motion to reconsider sentence, which was denied. This appeal followed.
DISCUSSION
Defendant argues that the trial court's retroactive application of La. R.S. 15:574.4(E) in resentencing him violated his right to fair notice and the prohibition against ex post facto laws. He claims that, at the time of the offense, in 1989, Louisiana jurisprudence provided that if a sentence was found to be unconstitutional, the defendant would be resentenced pursuant to the penalty provision for the next lesser included offense. Defendant argues that because his sentence of life imprisonment *1146 without parole is unconstitutional, he should have been resentenced under the manslaughter statute in effect at the time of the offense. The maximum sentence for a manslaughter conviction in 1989 was 21 years.
In addition, defendant argues that he did not receive an individualized sentence as required by Miller , and he was not afforded an adequate sentencing hearing to present mitigating factors; and, he was not approved funds to hire an expert for mitigation purposes. Defendant further argues that a sentence which falls within the statutory guidelines may still be excessive and that the trial court has the authority to deviate from a mandatory sentence.
In Miller v. Alabama , supra , the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Miller Court did not establish a categorical prohibition against life imprisonment without parole for juvenile homicide offenders; instead, a sentencing court is required to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. Montgomery v. Louisiana , supra ; State v. Williams , 12-1766 (La. 03/08/13), 108 So.3d 1169. Miller drew a line between those whose crimes reflect transient immaturity and those whose crimes reflect irreparable corruption. Life without parole is the correct sentence for the latter group.
In response to Miller , the Louisiana legislature enacted La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), which became effective on August 1, 2013.
La. C. Cr. P. art. 878.1, which requires a trial court to conduct a hearing prior to imposing a life without parole sentence on a juvenile murder defendant, provides:
(A) In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
(B) At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.
In the event that the trial court imposes a life sentence with parole eligibility, La. R.S. 15:574.4(E) provides the conditions, such as serving 35 years of the sentence imposed, which must be satisfied before the defendant can apply to the parole board for parole consideration.
In Montgomery v. Louisiana , the United States Supreme Court held that Miller applied retroactively, and in addressing concerns that the retroactive application of Miller would place an undue hardship on states, the court stated at 577 U.S. at ----, 136 S.Ct. at 736 :
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation *1147 by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them . See, e.g., Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment. (Emphasis added.)
Extending parole eligibility to juvenile offenders does not impose an onerous burden on the States, nor does it disturb the finality of state convictions. Those prisoners who have shown an inability to reform will continue to serve life sentences. The opportunity for release will be afforded to those who demonstrate the truth of Miller' s central intuition-that children who commit even heinous crimes are capable of change.
On remand, the Louisiana Supreme Court in Montgomery held that, absent new legislation to the contrary, courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when conducting resentencing hearings for juvenile homicide defendants sentenced prior to Miller . State v. Montgomery , 13-1163 (La. 06/28/16), 194 So.3d 606.
This Court and other circuits have addressed and rejected claims that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) are unconstitutional in light of the requirements of Miller . See State v. Sumler , 51,324 (La. App. 2 Cir. 05/02/17), 219 So.3d 503 ; State v. Fletcher , 49,303 (La. App. 2 Cir. 10/01/14), 149 So.3d 934, writ denied , 14-2205 (La. 06/05/15), 171 So.3d 945 ; State v. Doise , 15-713 (La. App. 3 Cir. 02/24/16), 185 So.3d 335, writ denied , 16-0546 (La. 03/13/17), 216 So.3d 808.
Likewise, arguments that sentences under La. R.S. 15:574.4(E) are ex post facto violations have been rejected. State v. Sumler, supra . The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Billizone , 16-478 (La. App. 5 Cir. 12/14/16), 215 So.3d 360.
In State v. Craig , 340 So.2d 191 (La. 1976), the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional, and that the appropriate remedy to correct an illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense. However, in State v. Shaffer , 11-1756 (La. 11/23/11), 77 So.3d 939, the Louisiana Supreme Court took a different approach. In Shaffer , in consolidated writ applications, three defendants sought relief from their life sentences following their convictions for aggravated rape committed while juveniles after the United States Supreme Court held that the Eighth Amendment precludes sentencing a juvenile to life imprisonment without the possibility of parole for a non-homicide offense in Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The Louisiana Supreme Court rejected the defendants' argument that they should be sentenced under the lesser included offense of attempted aggravated rape as was done in State v. Craig, supra . Instead of remanding the cases for resentencing, the court amended the defendants' life sentences to delete the restriction on parole eligibility. State v. Shaffer , 77 So.3d at 942-3.
Further, this Court, along with several other circuits, has rejected the claim that juvenile homicide defendants should be sentenced under the manslaughter statute. See State v. Williams , 50,060 (La. App. 2 Cir. 09/30/15), 178 So.3d 1069, writ denied , 15-2048 (La. 11/15/16), 209 So.3d 790 ;
*1148 State v. Williams , 15-0866 (La. App. 4 Cir. 01/20/16), 186 So.3d 242, writ denied , 16-0332 (La. 03/31/17), 217 So.3d 358 ; State v. Jones , 15-157 (La. App. 5 Cir. 09/23/15), 176 So.3d 713 ; State v. Graham , 14-1769 (La. App. 1 Cir. 04/24/15), 171 So.3d 272, writ denied , 15-1028 (La. 04/08/16), 191 So.3d 583.
Article I § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the state. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790 ; State ex rel. Olivieri v. State , 00-0172 (La. 02/21/01), 779 So.2d 735, cert. denied , 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001).
In response to Miller , the Louisiana legislature enacted La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), which became effective on August 1, 2013. In State v. Montgomery , supra , the Louisiana Supreme Court held that courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when conducting resentencing hearings for juvenile homicide defendants sentenced prior to Miller , as in the instant case. Since Looney's original life sentence was imposed without the benefit of parole, his penalty was lessened by application of La. R.S. 15:574.4(E), which allowed him to be considered for release on parole after serving 35 years of his sentence. La. R.S. 15:574.4(E) did not redefine criminal conduct or increase the penalty which defendant faced. Therefore, the trial court did not violate defendant's right to due process or fair notice or the prohibition against ex post facto laws when it subjected Looney to the parole consideration guidelines in La. R.S. 15:574.4(E).
The trial court properly utilized La. R.S. 14:30 and La. C. Cr. P. art. 878.1 when resentencing Looney and Looney is not entitled to be resentenced to the next lesser included offense of manslaughter. The legislature designed an adequate solution to Miller by creating statutes relating to parole eligibility for juvenile homicide defendants, which are to be read in conjunction with the murder statutes. Contrary to Looney's claim that he has no right to parole under La. R.S. 15:574.4(E), in State v. Doise , supra , the court explained that mere access to the parole board for consideration of parole satisfies the requirements of Miller.
To the extent Looney argues that he was entitled to a hearing and the imposition of an individualized sentence, Miller did not impose such a requirement in cases where parole eligibility was permitted. In Miller , the supreme court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life or its equivalent, without parole. See Miller , supra , 132 S.Ct. at 2463-69. The sole question to be answered in a Miller hearing is whether the defendant is eligible for parole. State v. Montgomery , supra at 610, (Crichton, J. concurring). The trial court did not err in denying Looney's motion to reconsider sentence and these assignments of error are without merit.
CONCLUSION
For the foregoing reasons, defendant's sentence is affirmed.